UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| FINISH LINE DELTA CONSTRUCTION STAFFING, LLC | Plaintiff |
| v. | Civil Action No. 3:25-cv-315-RGJ |
| APEX CONSTRUCTION SW, LLC | Defendant |

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Finish Line Delta Construction Staffing, LLC ("Delta") moves for default judgment against Defendant Apex Construction SW, LLC. ("Apex"). [DE 9]. For the reasons below, the motion for default judgment is **GRANTED.**

### I.   BACKGROUND

Delta provided temporary construction labor at agreed upon rates to Apex. [DE 1, Comp. at 2, ¶8]. According to the Complaint, the parties entered into an agreement ("Staffing Agreement") in May 2024, under which the parties agreed to litigate any dispute in the "United States District Court for the State of Kentucky[.]" [*Id.*, ¶8, DE 1-1, Staffing Agreement at 6, ¶10]. Delta provided labor services to Apex for construction projects in Chattanooga, Tennessee, and Wilson Connecticut. [*Id.*, ¶10]. Delta alleges that it regularly billed Apex for these services and Apex failed to pay numerous outstanding invoices for both construction projects despite promises to do so. [*Id.*, ¶10-11].

Delta sued Apex on May 29, 2025, for breach of contract for non-payment and quantum meruit. [DE 1 at 3-4, ¶¶13-22]. The Summons were issued the same day, [DE 4], and the Summons and Complaint were served on Apex on August 25, 2025. [DE 6]. Delta moved for entry of default on September 4, 2025, [DE 7], and on September 26, 2025, the Clerk of Court entered an entry of

1

default against Apex for failure to appear or defend, pursuant to Fed. R. Civ. P. 55(a). [DE 8]. Delta moved for default judgment under Fed. R. Civ. P. 55(b)(2), seeking a judgment in the amount of $614,213.46 for outstanding invoices against Apex, post-judgment interest, and costs in collecting the amounts due. [DE 9 at 33]. Delta attached the affidavit of Mike Stinson, a member of Delta, in support of its allegations and damages. [DE 9-1, "Stinson Affidavit"].

## II.     STANDARD

Under Federal Rule of Civil Procedure 55(b), a district court may enter a judgment of default against a defendant who fails to plead or otherwise defend against an action. To obtain a judgment by default, the moving party must first request that the Clerk of the Court enter a default under Fed. R. Civ. P. 55(a). *See Ramada Franchise Sys., Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (internal citation omitted).

Once the clerk has entered default, the Court must accept all well-pleaded allegations in the complaint as true. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citing *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also* Fed. R. Civ. P. 8(b)(6). Based on the factual predicate in the complaint, the Court must then "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment. *Fifth Third Bank v. Canfield*, No. 3:14-CV-00300-CRS, 2014 WL 3853464, at *2 (W.D. Ky. Aug. 5, 2014) (citing *PNC Bank, N.A. v. Starlight Props. & Holdings, LLC*, No. 6:13–CV–408–ORL, 2014 WL 2574040, at *5 (M.D. Fla. June 9, 2014)). The allegations are sufficient "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

"[T]he decision to grant a default judgment is within the Court's discretion." *AF Holdings*

*LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citations omitted). Factors considered in determining whether to enter a default judgment include: "[1] the amount of money potentially involved; [2] whether material issues of fact or issues of substantial public importance are at issue; [3] whether the default is largely technical; [4] whether plaintiff has been substantially prejudiced by the delay involved; [5] and whether the grounds for default are clearly established or are in doubt." *J & J Sports Prods., Inc. v. Camacho*, No. 3:16-CV-00141-TBR, 2017 WL 2389409, at *2 (W.D. Ky. June 1, 2017).

"A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983). As a result, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. A court will not simply accept a plaintiff's statement of damages, *see Malibu Media, LLC v. Schelling*, 31 F. Supp. 3d 910, 911 (E.D. Mich. 2014), but rather, "must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Priority Insulation v. Triple Crown Fin. Grp., Inc.*, No. 1:05CV563, 2006 WL 1529330, at *3 (S.D. Ohio June 5, 2006) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995)).

Rule 55(b) permits, but does not require, the court to "conduct hearings or make referrals" in order "to determine the amount of damages[,] establish the truth of any allegation by evidence[,] or investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B). The court may also rely on affidavits and other documentary evidence to determine the appropriate damages amount. *See Hart v. Estes*, No. 3:17CV-317-CRS, 2018 WL 1914295, at *2 (W.D. Ky. Apr. 23, 2018) ("The court, in its discretion, need not hold a hearing on the motion, but may determine on the filings that default judgment on the claims is proper, and may fix damages where the plaintiff has

provided sufficient documentary proof to establish the judgment amount.") (citation omitted).

## III.   DISCUSSION

The Court analyzes the allegations pled, and then damages.

### 1. Count I—Breach of Contract

Delta seeks damages for breach of contract from Apex under Count I. Under the parties' Staffing Agreement, "the terms of this Agreement shall be applied and construed pursuant to the laws of the State of Kentucky without regard to its conflict of law principles." [DE 1-1, at 6, ¶10]. In Kentucky, a breach of contract claim requires the (1) existence of a contract; (2) breach of that contract; and (3) damages flowing from the breach of contract. *Rouse v. Farmer*, 2018 WL 2078030, at *4 (Ky. Ct. App. May 4, 2018). Delta alleges that the parties entered the Staffing Agreement, a signed and written contract which the Court has reviewed, whereby Delta would provide Apex with temporary construction labor at agreed upon rates. [DE 1 at ¶8, DE 1-1, Staffing Agreement at 5-6, ¶¶1-5]. The Staffing Agreement references and attaches a "Rate agreement" which set forth the agreed hourly billing rates for certain positions. [DE 1-1 at 5, 9]. Delta alleges that Apex breached the Staffing Agreement by failing to pay for the staffing provided by Delta at Apex's construction sites in the sum of $614,213.46. [DE 9-1, Stinson Aff. at 35, ¶¶ 3-5]. Accepting these well-pleaded allegations as true, Delta has adequately pleaded a claim for breach of contract and is entitled to default judgment on this claim.

### 2. Count II—Quantum Meruit

Delta seeks damage for quantum meruit alleging that Delta provided Apex with valuable services which Apex accepted, Delta made it clear to Apex it expected to be paid for those services, and Apex failed to pay Delta, resulting in unjust enrichment to Apex. [DE 1 at 3-4, ¶¶18-22]. To recover under quantum meruit, a party must prove "(1) that valuable services were rendered, or

materials furnished; (2) to the person from whom recovery is sought; (3) which services were accepted by that person, or at least were received by that person, or were rendered with the knowledge and consent of that person; and (4) under such circumstances as reasonably notified the person that [the party] expected to be paid by that person." *Quadrille Bus. Systs. v. Ky. Cattlemen's Assoc., Inc.*, 242 S.W.3d 359, 366 (Ky. App. 2007). However, Delta may not recover under this theory where a valid written contract exists. *Vanhook Enters., Inc. v. Kay & Kay Contracting, LLC*, 543 S.W.3d 569, 574 (Ky. 2018) (denying a party's quantum meruit claim because a valid written contract governed the parties' relationship). Thus, having established a valid written breach of contract under Count 1, Delta is not entitled to relief under this claim.

### 3. Damages

As noted above, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). Instead, when the default rests on the failure to defend, "the district court must 'ascertain the amount of damages with reasonable certainty.'" *Simplot AB Retail, Inc. v. Bill & Scott Farms, Inc.*, 2023 WL 5670717 at *1 (W.D. Ky. Sept. 1, 2023) (citing *Vesligaj*, 331 F. App'x at 355)).

As noted, to support its request for a monetary judgment of $614,213.46, Delta attaches the Stinson Affidavit which attaches Delta's aging accounts receivable report showing the invoice number, date, and amounts due for both the Chattanooga job and the Wilton job. [DE 91- at 42-43]. The total amount due for both jobs is $614,213.46. [*Id*.]. Delta "has provided sufficient documentary proof to establish the amount owed under the Staffing Agreement. *Hart*, 2018 WL 1914295, at *2. Because Delta's damages for breach of contract are readily ascertainable based on the terms of the Staffing Agreement and Stinson Affidavit, the Court finds no need for a hearing.

Delta's motion also requests post-judgment interest and costs. [DE 9 at 33]. Its tendered proposed order also mentions attorneys' fees, "plus any additional costs plaintiff thereafter incurs in its ongoing efforts to collect the amount owing and outstanding." [DE 9-2]. However, Delta does not identify in its motion, the parties' contract, or the Stinson Affidavit any authority for an award of attorneys' fees. Nor does Delta identify authority for interest due or additional costs to collect the amount owed. The "general rule" is that "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975); *see also Wesco Ins. v. Roderick Linton Belfance, LLP*, 39 F.4th 326, 336–37 (6th Cir. 2022). A motion for fees must specify what entitles the movant to an award. Fed. R. Civ. P. 54(d)(2)(B); *see also Hunt v. Hadden*, 159 F. Supp. 3d 800, 805 (E.D. Mich.), aff'd, 665 F. App'x 435 (6th Cir. 2016).

Similarly, Delta provides no evidence of attorneys' fees for the Court to evaluate. Delta must offer documentation showing its requested amount of fees. And it must further submit documentation "in support of the hours charged," which "must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation" at hand. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (detailing the "lodestar" approach—"the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate").

Similarly, Delta provides no particularized support for its requested court costs. While costs usually "should be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), before awarding them, "the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary," *Johnson v. Metro Gov't of Nashville & Davidson Cty.*, 502 F. App'x

523, 543 (6th Cir. 2012) (cleaned up); *see also* LR 54.4 ("The prevailing party must file a Bill of Costs . . . ."). "The costs that courts may tax under Rule 54(d)(1) are confined to the costs itemized in 28 U.S.C. § 1920." *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007). "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (discussing Rule 54).

Ordinarily, parties may seek to recover their fees and costs after judgment is entered. Fed. R. Civ. P. 54(d); LR 54.3–.4. Accordingly, the Court will enter a final default judgment in favor of Delta consistent with the above analysis, and Delta may have 21 days from the entry of this order to file any motion seeking attorneys' fees or costs.

## IV.   CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Delta's Motion for Default Judgment [DE 9] is **GRANTED.**  The Court will issue separate judgment in favor of Delta and against Apex in the amount of $614,213.46.

(2) Delta has **21 days from the entry of this order** to file any motion seeking attorneys' fee or additional costs. Any such motion must be supported by law, fact, and evidence, including documentary support and sworn affidavits or declarations. Should no motion be filed, the action will be dismissed with prejudice and stricken from the Court's docket.

Rebecca Grady Jennings, District Judge
United States District Court

February 10, 2026